UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY M. PUGH,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Case No. C11-1368-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff brought this action to seek judicial review of the denial of his application for disability benefits by the Commissioner of the Social Security Administration. Dkt. 1. The parties have stipulated that this case should be reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 17.

Based on the stipulation of the parties, the Court recommends that this case be REVERSED and REMANDED for further administrative proceedings. On remand, the Administrative Law Judge ("ALJ") shall conduct a de novo hearing and update the treatment evidence on plaintiff's medical condition. Plaintiff shall be permitted to testify, submit additional evidence, and make new arguments at the hearing.

On remand, the ALJ shall also make a new, full sequential disability evaluation, and re-evaluate (1) the severity of plaintiff's impairments, including mental impairments, (2) whether

REPORT AND RECOMMENDATION
PAGE - 1

plaintiff meets a listing, (3) plaintiff's credibility, (4) plaintiff's residual functional capacity, and (5) plaintiff's ability to perform work at steps four and five, if necessary. As part of this evaluation, the ALJ shall obtain evidence from a medical expert to clarify the nature and severity of plaintiff's impairments, and articulate how the ALJ has evaluated the credibility of plaintiff's subjective complaints. The ALJ shall also discuss and expressly evaluate the medical source opinions of Dr. Horner, Dr. Khan, Dr. Ajan, Dr. Moorthy, and Dr. Glenn, as well as any additional medical source opinions in the updated record, and explain the reasons for the weight the ALJ assigns these opinions. Furthermore, the ALJ shall call upon a vocational expert to secure supplemental evidence regarding whether plaintiff can meet the mental and physical demands of past relevant work and/or whether other work exists that he can perform.

Finally, the ALJ shall consolidate plaintiff's subsequent application, which was filed on December 29, 2010, and is currently pending at the hearing level. The ALJ shall consider both applications.

A proposed order accompanies this Report and Recommendation.

DATED this 16th day of December, 2011.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge